UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGALEN ENTERPRISES, INC., | No. 2:15-cv-02250-MCE-AC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| METAL FRAMING ENTERPRISES, LLC, | |
| Defendant. | |

Plaintiff Dongalen Enterprises, Inc., ("Plaintiff") seeks to recover breach of contract damages from Defendant Metal Framing Enterprises, LLC, ("Defendant"). The alleged contractual violations arise from the parties' agreement that Defendant would purchase certain purportedly custom goods (i.e., sheets of plastic) from Plaintiff. Specifically, Plaintiff claims that Defendant wrongfully rejected goods it had agreed to purchase, and Defendant claims Plaintiff attempted to deliver goods that were never ordered. Presently before the Court is Plaintiff's Motion for Right to Attach Order and Writ of Attachment ("Motion"), by which Plaintiff seeks to secure $127,074.69. ECF No. 10. For the reasons that follow, Plaintiff's Motion is DENIED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**ANALYSIS**

Federal Rule of Civil Procedure 64 codifies the "long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 436 n.10 (1974). Under California law, "[a]ttachment is an ancillary or provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment." Kemp Bros. Constr., Inc. v. Titan Elec. Corp., 146 Cal. App. 4th 1474, 1476 (2007) (citations and internal quotation marks omitted). "Attachment is a harsh remedy because it causes the defendant to lose control of his property before the plaintiff's claim is adjudicated." Martin v. Aboyan, 148 Cal. App. 3d 826, 831 (1983). The moving party bears the burden to establish attachment is proper, and "[s]ince California's attachment law is purely statutory, it must be strictly construed." VFS Fin., Inc. v. CHF Express, LLC, 620 F. Supp. 2d 1092, 1095 (C.D. Cal.2009).

"Generally, an order of attachment may be issued only in an action for a claim of money which is based upon an express or implied contract where the total amount of such claim is a fixed or 'readily ascertainable' amount not less than $500.00." Pos–A–Traction, Inc. v. Kelly-Springfield Tire Co., Div. of Goodyear Tire & Rubber Co., 112 F. Supp. 2d 1178, 1181–82 (C.D. Cal. 2000); Cal. Code Civ. Proc. § 483.010(a). A right to attach order shall issue only if the Court finds, among other things, that "[t]he plaintiff has established the probable validity of the claim upon which the attachment is based." Cal. Code Civ. Proc. § 484.090(a)(2). "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." Id., § 481.190.

Plaintiff has failed to show the probable validity of its claims because its application is conclusory in nature. Even more importantly, the parties offer

1 | contradictory evidence concerning several material aspects of the underlying contract
2 | and purported breach.  Namely, the parties dispute: (1) what goods were to be delivered
3 | to Defendant; (2) what goods were actually delivered and rejected; (3) what goods were
4 | never delivered; (4) whether the goods were in fact "custom"; and (5) whether Plaintiff
5 | could have mitigated any of its purported damages.

6 |      For example, Defendant contends that Plaintiff shipped an additional 500 sheets
7 | of plastic that had not been ordered.  According to Defendant, rather than ordering 500
8 | more sheets of plastic, it had instead submitted a purchase order seeking to have 500
9 | sheets of its original order expedited.  Plaintiff nonetheless interpreted Defendant's
10 | submission as a new order and sent the additional plastic that Defendant was not
11 | expecting.  Defendant rejected that shipment a claims it never received the last two
12 | shipments it expected to be delivered under the original purchase order.  Plaintiff seeks
13 | to recover the cost of the shipment Defendant rejected, which Plaintiff contends was
14 | custom-produced to Defendant's specifications.  However, Defendant also disputes
15 | whether it can be held liable for rejecting purportedly "custom" goods, when Plaintiff's
16 | own admissions indicate that some of the plastic had already been pre-cut in its
17 | warehouse, a circumstance suggesting that it had not been custom made in the first
18 | place.  The logic is that if the goods were not custom, Plaintiff could have sold them to
19 | mitigate damages, and thus the amount recoverable, if any, for any breach is
20 | undetermined.

21 |      In response to Defendant's arguments, Plaintiff claims that Defendant fabricated
22 | the evidence attached to its opposition papers and, in conclusory fashion, again alleges
23 | it is entitled to recover.  In sum, there is too much at issue in this case for Plaintiff to
24 | have shown the probable validity of its claim.
25 | ///
26 | ///
27 | ///
28 | ///

**CONCLUSION**

Plaintiff's Motion for Right to Attach Order and Writ of Attachment (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated:  May 26, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE